**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **DUKAR WATSON,** | **:** | **HABEAS CORPUS** |
| **Petitioner,** | **:** | **28 U.S.C. § 2254** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **DOUG WILLIAMS,** | **:** | **CIVIL ACTION NO.** |
| **Respondent.** | **:** | **1:14-CV-1592-RWS-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Petitioner, Dukar Watson, has filed a 28 U.S.C. § 2254 petition in which he challenges the constitutionality of his July 1999 Fulton County convictions. [Doc. 1.] Petitioner has paid the filing fee, and the matter is before this Court for consideration of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4").

Under Rule 4, federal district courts have authority to examine habeas petitions prior to any pleading by the respondent and "to dismiss summarily any habeas petition that appears legally insufficient on its face." *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (internal quotation marks omitted) (quoting *McFarland v. Scott*, 512 U.S. 849, 856 (1994)), *cert. denied*, _ U.S. _, 132 S. Ct. 1910 (2012); *see also Day v. McDonough*, 547 U.S. 198, 209-10 (2006) ("[W]e hold that district courts are

permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition. . . . Of course, before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions.").[1]

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011). A Report and Recommendation ("R & R") provides such notice and opportunity to respond. *Cf. Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 Fed. Appx. 121, 125, 127 (11th Cir. Jan.8, 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (Martin, J., adopting Baverman, M.J.) (noting that R & R served as notice that claims would be *sua sponte* dismissed).

This Report and Recommendation constitutes fair notice to Petitioner that his petition is deemed untimely. As indicated in the Order for Service filed contemporaneously, Petitioner will have the opportunity to present his objections to this finding, and the District Court will review *de novo* properly submitted objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *see also Glover v. Williams*, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct.18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond); *Berry v. Ray*, No. CIV-06-0856, 2006 WL 3523764, at *2 (W.D. Okla. Dec. 6, 2006) (explaining that the "sua sponte consideration of whether the petition is time-barred will not prejudice Petitioner because he has an opportunity to be heard on the issue by filing a timely objection to [the] Report and Recommendation").



AO 72A
(Rev.8/8
2)

## I. Discussion

On July 8, 1999, Petitioner was convicted in the Fulton County Superior Court on three counts each of malice murder, felony murder, and possession of a weapon during the commission of a crime. *Watson v. State*, 274 Ga. 689, 690 n.1, 558 S.E.2d 704, 705 n.1 (2002). On January 14, 2002, the Georgia Supreme Court confirmed the judgment against Petitioner. *Id.*, 274 Ga. at 691, 558 S.E.2d at 706. Petitioner states that he filed a state habeas corpus petition in the Superior Court of Macon County, case number 2002-V-45-S, which was denied on December 19, 2001. [*Id.* at 2.] Petitioner states that he did not appeal that decision or seek further review. [*Id.* at 3.] In his federal habeas corpus petition, filed on May 22, 2014,[2] Petitioner challenges his 1999 convictions. [Doc. 1.]

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to a habeas corpus action attacking an underlying state conviction. Section 2244 of Title 28 states:

---

[2] Generally, a prisoner filing may be deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. *Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)).



AO 72A (Rev.8/82)

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In addition to the tolling provision in § 2244(d)(2), the one-year statute of limitations is subject to equitable tolling if the petitioner "demonstrate[s] (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473,



AO 72A
(Rev.8/8
2)

477 (11th Cir. 2014) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted).[3] Further, actual innocence provides an exception, though rare, to AEDPA's time limitations. *McQuiggin v. Perkins*, _ U.S. _, _, 133 S. Ct. 1924, 1928 (2013) (stating that the petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)) (internal quotation marks omitted)). To show actual innocence, the petitioner must, "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence[,]" demonstrate that "it is more likely than not that no reasonable juror would have convicted him . . . . " *Schlup*, 513 U.S. at 324, 327-28.

There being no suggestion in the record before this Court that the provisions of subsections 2244(d)(1)(B)-(D) apply, the federal limitations period began to run when Petitioner's convictions "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's convictions became final on Monday, April 15, 2002, when his time to seek

---

[3] It is the petitioner's burden to plead or proffer facts that establish his right to equitable tolling. *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012), *cert. denied*, _ U.S. _, 133 S. Ct. 435 (2012). Petitioner has not done so.



AO 72A
(Rev.8/8
2)

a writ of *certiorari* in the United States Supreme Court expired, ninety days after the Georgia Supreme Court on January 14, 2002, affirmed his convictions. *See* Sup. Ct. R. 13, 30; *Taylor v. Williams*, 528 F.3d 847, 848-49 (11th Cir. 2008). Generously presuming that Petitioner filed his state habeas corpus petition on or before April 15, 2002, the federal limitations period would have been tolled through Tuesday, January 21, 2003, when the time expired for seeking review of the December 19, 2002, denial of his state petition. *See* Ga. Sup. Ct. R. 11; *Wade v. Battle*, 379 F.3d 1254, 1262 (11th Cir. 2004) (concluding that state habeas petition "remained 'pending' under § 2244(d)(2) until the thirty-day deadline . . . for filing a [certificate of probable cause] application with the Georgia Supreme Court expired"). The federal limitations period then ran for 365 days and expired on January 21, 2004. Petitioner's May 2014 federal petition is untimely by over ten years.

Although Petitioner asserts actual innocence, [Doc. 1, attach. at 14], he alleges nothing that meets the *Schlup* standard. As a result, it is recommended that this petition be dismissed as untimely.

## II. <u>Certificate of Appealability ("COA")</u>

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to



AO 72A (Rev.8/82)

the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The undersigned recommends that a COA should be denied because the decisive procedural issue, untimeliness, is not debatable. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

## III. <u>Conclusion</u>

**IT IS RECOMMENDED** that this action be **DISMISSED** pursuant to Rule 4.



AO 72A
(Rev.8/82)

**IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this _10th_ day of _June_, 2014.

**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**



AO 72A (Rev.8/82)