**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DUKAR WATSON, | : | HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
|     v. | : | |
| | : | |
| DOUG WILLIAMS, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:14-CV-1592-RWS-AJB |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

The matter is before the Court on the Magistrate Judge's Final Report and Recommendation ("R&R") [3], which recommends dismissing this action as untimely and denying a certificate of appealability, and on Petitioner's objections [9].

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district

judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

## I.   **Discussion**

Petitioner challenges his July 8, 1999 Fulton County convictions for malice murder, felony murder, and possession of a weapon during the commission of a crime. (See Pet. [1].)  Those convictions were affirmed on January 14, 2002 by the Georgia Supreme Court.  Watson v. State, 274 Ga. 689, 691, 558 S.E.2d 704, 706 (2002). Petitioner states that he filed a state habeas corpus petition in the Superior Court of Macon County, case number 2002-V-45-S, which was denied on December 19, 2001, and that he did not appeal that decision or seek further review.  (See R&R [3] at 3.) Petitioner filed his federal habeas corpus petition on May 22, 2014.  (See id.)

The Magistrate Judge recommends that the action be dismissed as untimely by over ten years.  (Id. at 6).  In doing so, the Magistrate Judge found, among other things, that Petitioner had not met his burden of showing that he was entitled to equitable

2

tolling of the federal one year limitations period and had alleged nothing to meet the standard for an actual innocence exception to the limitations period.  (Id. at 5 n.3, 6.)

Petitioner objects, without any coherent argument, that the Magistrate Judge recommends dismissal based "solely alone on the one-year statute of limitations," without ordering the state to respond, without addressing the merits of his claims, and without "activat[ing] a fair proceeding[]" for him to establish his right to equitable tolling.  (Objections [9] at 2-3, 4.)  Petitioner also objects that the Magistrate Judge did not "review what made [him] actual[ly] innocent" and asserts in support that he was not properly arraigned in state court, that he did not receive effective assistance of counsel, and that the indictment wrongly stated the date on which one of the victims had died.  (Id. at 4-6.)  Petitioner also appears to suggest that McQuiggin v. Perkins, _ U.S. _, _, 133 S. Ct. 1924 (2013), allows prisoners to raise ineffective assistance of counsel claims without regard to time limitations.  (Objections [9] at 3-4, 8.)

On de novo review, the Court agrees with the Magistrate Judge on the matters to which Petitioner has objected.  It is Petitioner's burden to demonstrate his right to equitable tolling, and he has not alleged any facts which, if established, would entitle him to equitable tolling.  Therefore, there is no need for a hearing.  Further, none of the matters asserted by Petitioner – the circumstances of his arraignment, the assistance

3

that his counsel provided him, or the allegedly incorrect date stated in his indictment – show the existence of new reliable evidence that would have foreclosed any reasonable juror from finding him guilty beyond a reasonable doubt.  See McQuiggin, _ U.S. at _, 133 S. Ct. at 1928.  Additionally, McQuiggin provides no exception to the federal limitations period absent a showing of actual innocence, which Petitioner has not made.  See id., _ U.S. at _, 133 S. Ct. at 1928 ("We hold that actual innocence, *if proved*, serves as a gateway through which a petitioner may pass [when] the impediment is . . . expiration of the statute of limitations." (emphasis added)).  Otherwise, the Court has reviewed the Magistrate Judge's recommendation for clear error and finds none.

## II.     Conclusion

For the foregoing reasons, Plaintiff's objections [9] are **OVERRULED**, the Magistrate Judge's Final Report and Recommendation [3] is **ADOPTED** as the Order of the Court, the petition [1] is **DISMISSED** as untimely, and a certificate of appealability is **DENIED**.

**SO ORDERED** this  12th  day of August, 2014.

**RICHARD W. STORY**
United States District Judge